FILED

Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

2012 JUL 13  AM 10: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANIEL MONTAG, individually and on
behalf of all others similarly situated,

          Plaintiff,

   v.

MEDICREDIT, INC. d/b/a THE
OUTSOURCE GROUP a/k/a
MEDICREDIT CORPORATION and
DOES 1 through 10 inclusive,

          Defendants.

CASE NO **CV12-6032** —CBM
(SH)

CLASS ACTION
COMPLAINT FOR DAMAGES

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant MEDICREDIT, INC. d/b/a THE OUTSOURCE GROUP a/k/a MEDICREDIT CORPORATION, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**PARTIES**

2. Plaintiff is a natural person residing in Los Angeles, California.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in St. Louis, Missouri.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

**FIRST CAUSE OF ACTION**

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt, a hospital bill for medical services rendered to Plaintiff's young child, was allegedly incurred by Plaintiff.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

8. That on or about September 22, 2011, the Defendant sent the Plaintiff a dunning notice dated September 22, 2011 in an attempt to collect the aforementioned debt. (A copy of said letter is attached hereto and made part hereof.)

9. That said letter contained the following language which overshadows and contradicts the consumer's right to dispute the alleged debt: **"As required by law, a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations."**

10. That said language is deceptive, misleading and false in that it would lead the least sophisticated consumer to believe that collection agencies are required by law to report adverse credit records to credit reporting agencies.

11. That Defendant's actions are false and misleading.

12. That the Defendant's communications contain language demonstrating false statements and deceptive representations, which contradict the consumer's rights in violation of 15 U.S.C. §1692e.

13. That the Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

14. That Defendant's use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

15. That the Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

16. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (e) and (f) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

    i.  The Defendant violated 15 U.S.C. § 1692e by using deceptive means in an attempt to collect a debt; and

    ii.  The Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect or attempt to collect any debt.

17. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff and all members similarly situated for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

//

//

//

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

18. Plaintiff realleges paragraphs 1 through 17 as if fully restated herein.

19. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

20. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation: a) The Defendant has violated §1788 et seq. by making false and deceptive representations and unlawfully threatening actions which can not legally be taken.

21. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

22. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

23. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## CLASS ALLEGATIONS

24. Plaintiff realleges paragraphs 1 through 23 as if fully restated herein.

25. The first cause of action is brought on behalf of Plaintiff and the members of a class.

26. The class consists of consumers who received the same form letters, as did the Plaintiff.

27. The Class consists of all persons whom Defendant's records reflect resided in the state of California and who were sent collection letters (a) bearing the Defendant's letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (b) the collection letters were sent to consumers seeking payment of a consumer debt; (c) that the letters contained violations of 15 U.S.C. §§ 1692e and 1692f.

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the facts that the collection letters that are at the heart of this litigation are mass-mailed and computer-generated form letters, the class is so numerous that joinder of all members is impracticable.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)     The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

29. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the

absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection letters, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

      i.  Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt and

      ii.  Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d)    For such other and further relief as may be just and proper.

(e)    Plaintiff requests trial by jury on all issues so triable.

//
//
//

1

Dated: July 10, 2012

2

3

AMIR J. GOLDSTEIN, ESQ.

4

Amir J. Goldstein
Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
Class Action Complaint for Damages

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

### CV12- 6032 CBM (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    312 N. Spring St., Rm. G-8
    Los Angeles, CA 90012

[ ] **Southern Division**
    411 West Fourth St., Rm. 1-053
    Santa Ana, CA 92701-4516

[ ] **Eastern Division**
    3470 Twelfth St., Rm. 134
    Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MONTAG, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MEDICREDIT, INC. d/b/a THE OUTSOURCE GROUP a/k/a MEDICREDIT CORPORATION and DOES 1 through 10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-6032-CRm (SHv)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within    21    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Amir J. Goldstein, Esq. _____ , whose address is 5455 Wilshire Boulevard, Suite 1812 Los Angeles, CA 90036 _____ .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUL 1 3 2012

By: _____ **MARILYN DAVIS**
                         Deputy Clerk

                         *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DANIEL MONTAG, individually and on behalf of all others similarly situated,

**DEFENDANTS**
MEDICREDIT, INC. d/b/a THE OUTSOURCE GROUP a/k/a MEDICREDIT CORPORATION and DOES 1 through 10 inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036
Tel 323.937.0400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: __CV12-6032__

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____        Date   7 | 10 | 12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |